In the Matter of the OGDENSBURG HOUSING AUTHORITY, Appellant, Relative to Acquiring Title to Real Property in the City of Ogdensburg, Bounded by Jay Street and Other Streets. CITY OF OGDENSBURG et al., Respondents.— Appeal from part of an order of the Supreme Court, Clinton County Special Term, which confirmed an award of commissioners of appraisal made in a condemnation proceeding instituted by the Ogdensburg Housing Authority. The property appropriated consisted of nine acres of land on the outskirts of the city of Ogdensburg, and was taken to develop a low-rent housing project. There were fifty parcels of land involved. The only evidence of market value was given by a witness for the plaintiff [appellant], who appraised all the land on an acreage basis of $250 an acre, with increments based on front footage where the parcels abutted on partially completed streets. His appraisals were accepted as to all parcels except Nos. 17 and 18. Parcel No. 17 had a building on it. Plaintiff's witness appraised these parcels separately — $120 for the vacant parcel, and $3,824 for the parcel with the building on it. The commissioners valued both parcels as one at the sum of $8,000, of which $1,000 was allowed to a tenant. It is from the confirmation of the awards as to these parcels that plaintiff appeals. It was stipulated the date of surrender by the owner was October 31, 1950, and that part of the premises occupied by a tenant was surrendered June 16, 1951. The building on parcel No. 18 was a construction shack, used in a nearby veteran's housing project, which the

defendant Dodd had acquired and moved onto this parcel in 1949. It was a building of ordinary frame construction, 20′ x 60′ x 8′6″ in dimensions, placed on shallow footings with no basement or substantial foundation. It consisted of two principal rooms, one used by the owner Dodd as an office and warehouse for his business as a salesman, and the other leased to the tenant Wolff as a grocery store at $25 per month. The building had electricity, a lavatory, hot water heater and tank, but no heating system. In addition to the principal rooms mentioned there was another small room used as an office. Defendants [respondents] offered no evidence of market value, merely evidence of reconstruction costs, said to be from $10,687.46 to $12,000. We think this evidence was of dubious value. Neither builder who testified apparently had in mind a reconstruction of precisely the building in question. And we find no evidence of any depreciation rate offered or considered by the commissioners. In our view the only substantial evidence of market value was the testimony of the plaintiff's witness, and this was practically unrefuted. We also think the awards were palpably excessive and contrary to the weight of evidence. Other errors are assigned which we find unnecessary to consider. The order, so far as appealed from is reversed, on the law and facts, and the awards to respondents Dodd and Wolff are set aside, without costs, and the matter remitted for a rehearing unless respondents stipulate within thirty days after notice of this decision that the awards be reduced to the total sum of $4,000, in which event the awards may be confirmed, without costs in this court. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.